UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS PARKER                                   CIVIL ACTION

VERSUS                                          NO. 17-357-JJB-RLB

PNK (LAKE CHARLES) LLC, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 12, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS PARKER                                      CIVIL ACTION

VERSUS                                             NO. 17-357-JJB-RLB

PNK (LAKE CHARLES) LLC, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Full Service Systems Corporation's ("FSSC") Motion to Transfer Venue (R. Doc. 15) filed on August 21, 2017. The motion is opposed. (R. Doc. 21). FSSC has filed a Reply. (R. Doc. 23).

Also before the Court is PNK (Lake Charles), L.L.C. d/b/a L'Auberge Lake Charles's ("PNK") Motion to Transfer Venue (R. Doc. 17) filed on August 22, 2017. The motion is opposed. (R. Doc. 22).

**I.     Background**

On June 7, 2017, Thomas Parker ("Plaintiff"), who is domiciled in Bastrop County, Texas, commenced the instant action against Pinnacle Entertainment, Inc. d/b/a L'Auberge Du Lac Casino Hotel, alleging that he slipped and fell at a casino owned and operated by Pinnacle Entertainment, specifically located at 777 L'Auberge Avenue, Baton Rouge, Louisiana, 70820. (R. Doc. 1 at 2). The Complaint was signed by Plaintiff's counsel, as required by Rule 11 of the Federal Rules of Civil Procedure.

On June 28, 2017, Plaintiff filed a Supplemental and Amending Complaint for Damages. (R. Doc. 3). In this pleading, Plaintiff removed his claims against Pinnacle Entertainment and named as defendants PNK and FSSC (collectively, "Defendants"). (R. Doc. 3 at 1). Plaintiff

1

now alleges that he slipped and fell at a casino owned and operated by PNK located in Lake Charles, Louisiana. (R. Doc. 3 at 2). Lake Charles is in the Western District of Louisiana and is well over 100 miles aware from where Plaintiff originally alleges the incident occurred.

On August 21, 2017, FSSC filed its Motion to Transfer Venue, which seeks to transfer venue of this action to the U.S. District Court for the Western District of Louisiana. (R. Doc. 15). PNK subsequently filed its own Motion to Transfer Venue, which joins and adopts by reference the motion and accompanying memorandum filed by FSSC. (R. Doc. 17).

## II.     Argument of the Parties

In support of transfer, Defendants argue that while venue is proper in the Middle District of Louisiana, the Western District of Louisiana is the most convenient venue for all parties. (R. Doc. 15-1 at 2). In support of this position, Defendants contend that the incident occurred within the Western District, FSSC has no contacts with the Middle District, any potential witnesses for FSSC (and likely PNK) will come from the Western District, any potential evidence will be located in the Western District, and transfer would not involve any choice of law or conflicts of law issues. (R. Doc. 15-1 at 3). With regard to Plaintiff's choice of forum, Defendants argue that it appears that the action was filed in the Middle District "in error" and note that Plaintiff resides in Bastrop County, Texas, which is closer to the Western District of Louisiana than to the Middle District of Louisiana. (R. Doc. 15-1 at 3).

In opposition, Plaintiff argues that the factors to consider with regard to transfer weigh in favor of denying Defendants' motions. (R. Doc. 21). Plaintiff asserts that his choice of forum should be given deference. (R. Doc. 21 at 2). Plaintiff further argues that there will be relative ease of access to evidence and witnesses; many of the potential witnesses will live within the Middle District's subpoena power; the relative close proximity of the districts means that there

will not be any significant costs in obtaining the attendance of willing witnesses; there will be no need to view the premises at issue; there are no practical problems that would complicate trial in the Middle District, and the public interest factors are neutral or weigh in favor of denying transfer. (R. Doc. 21 at 3-4). Plaintiff also opposes PNK's Motion to Transfer Venue on the basis that PNK did not file a memorandum in support of transfer and PNK has established contacts in the Middle District. (R. Doc. 22).

In reply, FSSC asserts, among other things, that the only connection that the Middle District has to this action is that PNK's domicile is in Baton Rouge and that Plaintiff's counsel are located in Baton Rouge. (R. Doc. 23).

### III.  Law & Analysis

#### A.  Legal Standards

While a plaintiff has the "privilege of filing his claims in any judicial division appropriate under the general venue statute [28 U.S.C. § 1391], 28 U.S.C. § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). In other words, even when a plaintiff chooses an appropriate judicial division, the Court has discretion under § 1404(a) to transfer the action to another division if it determines that doing so would be more convenient for the parties and in the "interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of proof to show that the transfer is warranted, based on it being in the interest of justice and for the convenience of the parties and witnesses. *In re Volkswagen*, 545 F.3d at 315.

In order to obtain a transfer, a defendant must satisfy two steps. First, the defendant must show that the sought-after forum would have been an appropriate venue to begin with. 28 U.S.C.

3

§ 1404(a). Second, the defendant must show that the sought-after forum is "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315.

To determine whether a sought-after forum is clearly more convenient, the Court must look to both private and public interest factors as detailed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *Id*. Although the *Gilbert* factors are helpful for determining whether transfer is appropriate, they are not necessarily exhaustive or exclusive. *Id.*

The private interest factors to consider are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id*. (citation omitted). The public interest factors to consider are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Id*. (citation omitted).

"[I]t is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (citing *Garner v. Wolfinbarger,* 433 F.2d 117, 119 (5th Cir. 1970)); *see also Humble Oil & Refining Co. v. Bell Marine Service, Inc.*, 321 F.2d 53, 56 (5th Cir. 1963) (the avoidance of dismissal through 1404(a) lessens the weight to be given to the plaintiff's choice of venue). "Generally, a plaintiff's choice of forum is given great deference; however, a plaintiff's choice of forum is given less deference when the plaintiff is not a resident of his choice of forum and when the operative facts of a case occurred in a different forum." *Rivers v. Union Pac. R.R.*, No. 16-673, 2017 WL 379447, at *2 (M.D. La. Jan. 26, 2017)

4

(citing *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008)); *see also In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (plaintiff's choice of forum is entitled to less deference when it is not the plaintiff's home forum) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)).

**B.     Analysis**

There is no dispute between the parties that venue is proper in the Western District of Louisiana. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."). Accordingly, the sole issue is whether the transfer of venue will serve the convenience of the parties and the interests of justice pursuant to 28 U.S.C. § 1404(a). *In re Volkswagen*, 545 F.3d at 315.

Having reviewed the record, and the arguments of the parties, the Court concludes that transfer of this action to the Western District of Louisiana furthers the convenience of the parties and the interests of justice. While Plaintiff erroneously asserted in his first pleading that he slipped-and-fell in a casino in Baton Rouge, there appears to be no dispute between the parties that the alleged tort actually occurred in a casino in Lake Charles.[1] The private interest factors all weigh in favor of transfer. The premises and related physical evidence will be located in Lake Charles. Potential witnesses, including employees of the casino at issue, will more likely

---

[1] By signing the original Complaint, Plaintiff's counsel certified, among other things, "that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*. . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3) (emphasis added). District courts have the authority to order "an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Given that transfer of the instant action to the Western District is appropriate, this Court need not address whether such an order is warranted in light of the representations in the original Complaint and uncertainty as to how a "reasonable" inquiry could have led to such an erroneous factual contention.

5

be located in the Western District than the Middle District. Given the actual location of the alleged tort, the availability of compulsory process to secure the attendance of witnesses will likely be ensured only if transfer is allowed. The costs of compelling witnesses to attend trial in the Middle District will likely be higher. Finally, given the record, it appears that litigating the instant action in this district would make trial more difficult and expensive.

Plaintiff does not identify any connections he has to the Middle District. His pleadings state that he is domiciled in Bastrop County, Texas, which is closer to the Western District of Louisiana than the Middle District of Louisiana. Furthermore, as Plaintiff readily admits in opposition to transfer, because he "neither lives in Lake Charles nor Baton Rouge, the remainder of the witnesses (primarily treating healthcare providers) will be located in neither of the districts." (R. Doc. 21 at 3). Given these representations, as well as the record, it is reasonable to assume that Plaintiff's treating physicians will be located in or around Bastrop County, Texas, which, again, is closer to the Western District of Louisiana than the Middle District of Louisiana. Accordingly, the Court concludes that Plaintiff's choice of forum is not controlling in this case.

Finally, while Plaintiff's counsel may be inconvenienced by having to travel to the Western District of Louisiana, the location of Plaintiff's counsel is not a factor to be considered. *See In re Horseshoe Entm't*, 337 F.3d at 434 ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.").

Given the foregoing consideration of the *Gilbert* factors, as well as the evidence of forum shopping in light of the original factual representations in the Complaint, the Court finds it appropriate under § 1404(a) to transfer this action to the Western District.

6

**IV.     Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that FSSC's Motion to Transfer Venue (R. Doc. 15) and PNK's Motion to Transfer Venue (R. Doc. 17) be **GRANTED**, and the action be **TRANSFERRED** to the U.S. District Court for the Western District of Louisiana.

Signed in Baton Rouge, Louisiana, on October 12, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**