UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THOMAS PARKER | CASE NO.  2:17-CV-01446 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| P N K (LAKE CHARLES) L L C ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court are two motions: (1) "Defendant's Motion for Summary Judgment" (Doc. 85) filed by Defendant, PNK (Lake Charles, LLC, d/b/a L'Auberge Lake Charles ("L'Auberge") (collectively referred to as "PNK") and (2) "Plaintiff's Motion for Partial Summary Judgment on Liability" (Doc. 87) filed by Plaintiff Thomas Parker.

PNK's motion seeks to dismiss Parker's claims against it for failure to prove the essential elements of his claim under Louisiana Civil Code articles 2315, 2317, and 2317.1. Parker's motion seeks to establish liability against Defendant Full Service Systems Corporation ("FSS") based on a repairer's duty owed to Parker.

The Court heard oral arguments from the parties' counsel on February 4, 2021, and all briefs have been submitted for consideration.

## STATEMENT OF FACTS

On or about July 8, 2016, Thomas Parker, his wife and two children checked into a guestroom at the L'Auberge Casino Hotel.[1] Plaintiff walked across the room to the

---

[1] Plaintiff's exhibit B, Thomas Parker depo. pp. 30-33.

bathroom. When he reached the marble floor near the entrance to the room, he slid on a slippery substance and fell.[2] Parker did not sustain any injuries in this initial fall.[3]

Parker reported the incident to an unidentified male housekeeping or maintenance employee who was in the nearby hallway.[4] That employee was wearing a gray shirt.[5] After inspecting the room, the employee determined that the carpet near the marble floor was wet.[6] The employee advised Parker that he would take care of the situation.[7]

At the time of the incident, L'Auberge had contracted its housekeeping services to co-defendant, FSS.[8]

Thereafter, Parker and his family left the room and returned about four (4) hours later.[9] Again Parker walked to the bathroom and slipped and fell on the marble floor.[10] There was no warning that the hazard had not been remedied and it continued to exist.[11] After this second fall, Parker began to feel pain in his lower back and legs.[12]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---

[2] Id. pp. 34-35.
[3] Id. p. 43.
[4] Id. pp. 38-39.
[5] Id.
[6] Id. pp. 42-43.
[7] Id. pp. 36 & 43.
[8] Plaintiff's Exhibit A, Jerry Forester Affidavit.
[9] Plaintiff's Exhibit B, pp. 44-45; Plaintiff's Exhibit C, p. 21.
[10] Id.
[11] Id.
[12] Id. pp. 49-50.

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In this lawsuit, Parker has sued PNK and FSS under a negligence theory. At the time of the alleged incident, PNK owned, operated or otherwise possessed the premises in which

Parker was injured. FSS was responsible for maintaining the room in which Parker suffered his injuries. Parker alleges that Defendants failed to provide a safe place for patrons. Specifically, Parker alleges that even though Defendants had knowledge or constructive knowledge of the hazard created (the wet carpet), they (1) failed to take reasonable steps to correct the hazard or otherwise prevent the injuries, (2) failed to warn of the hazards, and/or (3) failed to implement and/or enforce policies and procedures which would have required its employees to correct a hazard.

*PNK's motion*

PNK moves for summary judgment as a matter of law on the grounds that there is no genuine issue of material fact, and Parker cannot prove the essential elements of his claims. Specifically, PNK contends that there is no evidence to show that it either created or knew (or should have known in the exercise of reasonable care) of the existence of water on the carpet of Parker's hotel room which allegedly caused him to slip and fall.

Louisiana law governs the substantive issues in diversity cases. See *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). Under Louisiana Civil Code article 2317.1, a plaintiff must show that: (1) the thing was in the defendant's custody or control; (2) the thing had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the damage was caused by the defect. *Vail v. Schiro Bros. Shoe Store, Inc.,* 193 So.3d 342, 347 (La.App. 5 Cir. 5/12/16); *Wiltz v. Floor & Décor Outlets of Am.,* 186 So.3d 1204, 1208 (La.App. 5 Cir. 2/24/16), writ denied, 192 So.3d 738 (La. 5/27/16). If the plaintiff fails to prove any one of these elements, the

claim fails. *Dauzat v. Thompson Const. Co., Inc.,* 839 So.2d 319, 322 (La.App. 5 Cir. 1/28/03).

PNK argues that the identity of the employee to whom either Plaintiff or his common-law wife reported the incident is unknown. PNK relies on the affidavit of Jerry Forester, Risk Manager for L'Auberge Casino who attests that the only employees working in the hotel who would have worn a gray uniform was housekeeping employees employed by FSS.[13] PNK also notes that the employee in the gray shirt did not know from where the water came.[14] PNK argues that because Parker is unable to show that the owner had notice of the allege injury, summary judgment must be granted in its favor.

Parker argues that there are genuine issues of material fact regarding the source of the liquid substance noting that the employee in the gray shirt remarked that the bathroom next door may have been the source of the wet carpet. Parker argues that there are disputed facts as to the identification of the employee in the gray shirt. Plaintiff also submits the incident report[15] which indicates that after the first fall, Plaintiff went in the hall and told a guy in a gray shirt that the carpet was wet.

Parker remarks that because the employee told him that he would put them in a different situation, a jury could conclude that the employee was an agent of L'Auberge because there is no indication that FSS had the authority to place them in a new room or a "different situation." Furthermore, in order for the gray shirted employee to move him and his family to another room, he would have to notify someone at L'Auberge of the wet

---

[13] PNK Exhibit C, Affidavit of Gerald Wayne "Jerry" Forester, ¶¶ 5-7.
[14] PNK Exhibit A, Thomas Parker depo. p. 43; Exhibit B, Nicole Telles depo. p. 19.
[15] Plaintiff's Exhibit 1.

carpet. Plaintiff submits the following language in the Housekeeping service Agreement to buttress his argument:

> Contractor [(FSS]), and/or its on-site supervisory personnel requested by property, shall notify promptly the Principal [(PNK]) or its representative of any material irregularities that may be observed when the Contractor's personnel are on the Premises, as well any safety[sic], or Principal's employees or guests....[16]

Parker also argues that PNK could be held liable under Louisiana Civil Code article 2317.1 for possession of a thing with an unreasonably dangerous defect. Parker contends that there is a genuine issue of material fact as to whether or not PNK had knowledge or constructive knowledge of the wet carpet.

Co-Defendant FSS also opposes the Motion for Summary Judgment filed by PNK. FSS submits the deposition testimony of Micael Santelous and Pierre Fabian. Mr. Santelous was employed by FSS since 2014 and was also employed at L'Auberge as a houseman in July 2016.[17] Mr. Santelous testified that both L'Auberge and FSS employees who worked in housekeeping and maintenance wore gray shirts. Mr. Fabian also testified that both L'Auberge and FSS employees wore gray shirts.[18]

The Court finds that Parker and FSS have submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial.

---

[16] PNK's Exhibit 1 of Exhibit C, ¶ III.
[17] FSS Exhibit 2, p. 12:24-13; p.13:6-14; p. 28:20-22; p. 30:2-16.
[18] FSS Exhibit 3, p. 11:11-13 and pp. 11-12.

*Parker's motion*

Parker has filed a motion for partial summary judgment as to the liability against FSS. Parker argues that there are no disputed issues of fact as to the negligence of FSS under Louisiana Civil Code articles 2315 and 2316. Parker submits the contract between PNK and FSS to provide janitorial and maintenance services at the casino. The contract establishes a duty on FSS to take reasonable steps to repair and maintain that within the purview of the contract. Thus, Parker argues that FSS can be held liable for breach of that duty assumed under the contract. In other words, FSS breached its duty by failing to repair and/or remove the hazards or to even provide a warning that the hazard persisted because FSS had not removed the known hazard.

As previously noted, FSS has submitted summary judgment evidence to create a genuine issue of material fact for trial as to who employed the gray shirted worker Parker reported the wet carpet. The Court finds that FSS has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial.

## **CONCLUSION**

For the reasons set forth above, the motion for summary judgment filed by PNK will be denied and the Motion for Summary Judgment filed by Parker will be denied.

**THUS DONE AND SIGNED** in Chambers on this 9th day of February, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**